UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER RICHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-25-719-R |
| | ) |
| CHARLES GOODWIN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Jennifer Richey, proceeding *pro se*, filed her Complaint [Doc. No. 1] against Defendants Judge Charles Goodwin and United States Courthouse. She seeks money damages in excess of $100 million for mental anguish, mental distress, and emotional distress in relation to Judge Goodwin's handling of another case brought by Plaintiff. The Court dismisses her Complaint *sua sponte*.

District courts have the inherent power to manage their dockets. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) (citations omitted). This power includes the ability to "dismiss a frivolous or malicious action…even in the absence of [a] statutory provision." *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (quotation marks omitted). Further, "[a] district court may dismiss a case sua sponte under Federal Rule of Civil Procedure 12(b) when it is patently obvious that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007) (quotation omitted).

The Court accepts the Complaint's well-pleaded factual allegations as true and views them in the light most favorable to Plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Moreover, because Plaintiff is proceeding *pro se*, her pleadings are construed liberally. *Id.* at 1110. This construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Plaintiff alleges that Judge Goodwin showed bias over her case, played mental tricks on her, violated her rights, took advantage of her rights, took advantage of her *pro se* status, and misrepresented a fact in an order. Doc. No. 1. But judges are entitled to absolute judicial immunity for actions taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). And judicial immunity is broad, and "is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Instead, "[o]nly accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome qualified immunity. *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006). So because Plaintiff's allegations are wholly predicated on actions allegedly taken by Judge Goodwin while acting in his judicial capacity, her claims against him necessarily fail as a matter of law.

Accordingly, Plaintiff's Complaint is DISMISSED.[1]

---

[1] Plaintiff does not allege any facts against the United States Courthouse, and the United States Courthouse is not an entity capable of being sued. *See Montez v. United States Fed. Courthouse*, SA-22-CA-1301-JKP (HJB), 2023 WL 2529550, at *1 (W.D. Tex. Jan 18, 2023) *report and recommendation adopted by* 2023 WL 2072416 (W.D. Tex. Feb. 17, 2023). So her claims against the Courthouse are also dismissed.

IT IS SO ORDERED this 2nd day of July, 2025.

                               *[Signature: David L. Russell]*
                               DAVID L. RUSSELL
                               UNITED STATES DISTRICT JUDGE